# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Joseph Cordero, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,

Case No.: 24-cv-00144

*Plaintiff*,

-*against*-

The Table at Redeye Inc., Peter Cecere, Otis Banks, and Marni Halasa,

*Defendants*.
------------------------------------------------------------------------X

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE

## RECITALS

**WHEREAS**, Plaintiff worked at The Table at Redeye from August, 2023 through October, 2023.

**WHEREAS,** Plaintiff filed a Complaint entitled *Cordero v. The Table at Redeye Inc. et al*, Case No. 1:24-cv-00144-JLR, pending in the U.S. District Court for the Southern District of New York (the "Lawsuit") in which Plaintiff sought damages for, among other things, purportedly unpaid wages, back pay, compensatory damages for alleged retaliation, liquidated damages and penalties, punitive damages, and attorneys' fees and costs, as a result of the Defendants' alleged violations of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296(1); NYSHRL, N.Y. Exec. L. § 296(6); New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq*; NYSHRL, N.Y. Exec. L. § 296(7); NYCHRL, N.Y.C. Admin. Code § 8-107(7); the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1); FLSA, 29 U.S.C. § 206(a)(1)(C); the New York Labor Law ("NYLL") § 160(3), 12 NYCRR § 142-2.2; NYLL §§ 193 and 652(1); and NYLL § 740 *et seq*.

**WHEREAS,** the Defendants have denied each and every allegation of wrongdoing contained in the Complaint;

**WHEREAS**, Plaintiff and Defendants, mutually desire to settle and terminate fully and finally any and all claims and any and all differences and disputes between them including, but not limited to, all matters related to Plaintiff's employment relationship with the Defendants, the terms and conditions of his employment relationship with the Defendants, the Complaint, and any other asserted or unasserted claims; and

**WHEREAS**, Plaintiff acknowledges that as of the date on which Plaintiff signs this Agreement (the "Effective Date"), Plaintiff is waiving any and all rights and claims described in this Agreement

in exchange for consideration that is in addition to anything of value to which Plaintiff has ever been and/or is already entitled;

**NOW THEREFORE**, in consideration of the mutual covenants and promises contained in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **Consideration**.  Within thirty (30) days of the Parties' execution this Settlement Agreement, Defendants' shall deliver, or cause to be delivered, a payment in the amount of Twenty-Three Thousand Five Hundred Dollars and Zero Cents ($23,500.00), to Phillips Nizer LLP, Attn. Regina E. Faul, 485 Lexington Avenue New York, NY 10017, made payable as follows:

    i. One certified or bank check made payable to "Joseph Cordero" in the gross amount of $15,276.10, less standard and customary payroll deductions; Defendant Table at Redeye shall issue Plaintiff an IRS form W-4 at the appropriate time. Plaintiff must provide a fully completed IRS form W-2 upon execution of this Agreement.

    ii. One certified or bank check made payable to "Levin-Epstein & Associates, P.C." in the amount of $8,223.90, as payment for attorneys' fees ($7,636.90) and costs ($587.00). Defendants shall issue an IRS form 1099 at the appropriate time.  Counsel must provide a fully completed IRS form W-9 upon execution of this Agreement.

    a. Within seven (7) days of Defendants' counsel's receipt of the Settlement Amount, the Parties shall cause to be filed the motion for settlement approval pursuant to *Cheeks v. Freeport Pancake House, Inc*. 796 F.3d 199 (2d Cir. 2015).

    b. Within seven (7) days of Court approval of the Settlement Agreement, Defendants' counsel shall deliver, or cause to be delivered the bank checks or certified checks set forth in section 1(i)-(ii), via "FedEx Overnight" or a comparable method of overnight delivery, or by hand to Plaintiff's counsel to the following address:

    > Levin-Epstein & Associates, P.C.
    > Attn:    Jason Mizrahi, Esq.
    > 60 East 42nd Street, Suite 4700
    > New York, NY 10165

    c. **Indemnification**. Plaintiff understands and agrees that any and all personal income tax liability pursuant to the payments referenced in Paragraph 1(i) and 1(ii) is Plaintiff's sole responsibility, and that Plaintiff will pay any such personal income taxes that may be due or become due.  Plaintiff shall hold the Defendants harmless and indemnify them for any liabilities, costs, and expenses, including attorneys' fees and costs, by any tax authority relating in any way to the tax treatment of payments made pursuant to the payments made in this Agreement, to the

extent any such liability, cost, expense, attorneys' fees or costs is related to Plaintiff's own personal income tax. Plaintiff acknowledges that they have not relied on any oral or other representations made by Defendants or its counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

2. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that they would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of All Wage & Hour Claims.** Plaintiff, his heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendants Table at Redeye Inc., Peter Cerere, Otis Banks, and Marni Halasa and affiliated entities, and their owners, investors, officers, directors, Board members, principals, shareholders, trustees, administrators, executors, agents, attorneys, employees, former employees, insurers, reinsurers, predecessors, successors and assigns, and its employee benefit plans and programs and their administrators and fiduciaries, both individually and in their official capacities (collectively "Releasees") of and from any wage and hour actions, retaliation claims, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which they may have against Releasees as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any alleged violation of: the Fair Labor Standards Act, 29 U.SC. § 201 et seq.; the New York Labor Law and all New York Wage Orders; any other federal, state, city or local wage-hour, wage-payment laws, rules, regulations and/or guidelines, constitutions or ordinances; any claim for costs, fees, or other expenses, including attorneys' fees or any other action against Releasees, arising from any purported wage and hour violation and based upon any conduct occurring from the beginning of time up to and including the date of the complete execution of this Agreement.

4. **No Other Entitlement Under the FLSA.** As a consequence of this settlement, Plaintiff affirms that they has been paid and has received all compensation, wages, bonuses, commissions, benefits, and other monies to which they may be entitled under the FLSA or NYLL, and that he has not been subject to retaliation by Defendants.

5. **Governing Law, Interpretation and Forum Selection.** This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflicts of law provisions. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The Parties expressly consent that any action or proceeding relating to this Agreement will be brought in the U.S. District Court for the Southern District of New York.

6. **Non-admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time

for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

7. **Amendment.**  This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

8. **Entire Agreement.**  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties, except for the Parties' Negotiated Settlement Agreement and General Release of Non-FLSA Claims, which is being executed simultaneous with this Agreement.  Plaintiff acknowledges that they have not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

9. **Execution.**

    a. The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and Defendants.  The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by their counsel.  Plaintiff fully understands that this Agreement generally releases, settles, bars and waives any and all wage and hour claims that they possibly could have against Releasees relating to their employment with Defendants.  Plaintiff further represents that they are fully satisfied with the advice and counsel provided by their attorneys; and

    b. Plaintiff fully understands the terms of this Agreement.

10. **Translation.**  It is further understood and agreed between the Parties that counsel for Plaintiff shall be responsible for translating this Agreement to a language fully understood by Plaintiff, and to fully advise Plaintiff regarding the terms and conditions of this Agreement.  Any contention that the terms and conditions of this Agreement were not translated and communicated to Plaintiff by their counsel shall not be a basis to challenge or to set aside this Agreement.

11. Counterparts.  **This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts.  Electronic and facsimile signatures shall be deemed as originals.**

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily signed this Agreement as of the date(s) set forth below:

**JOSEPH CORDERO**

Dated: 7/2/2024

*Joseph Cordero*

Joseph Cordero

**THE TABLE AT REDEYE INC.**

Dated: _____

By: Peter Cecere

**PETER CECERE**

Dated: _____

Peter Cecere

**OTIS BANKS**

Dated: _____

Otis Banks

**MARNI HALASA**

Dated: _____

Marni Halasa

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily signed this Agreement as of the date(s) set forth below:

**JOSEPH CORDERO**

Dated: _____

_____
Joseph Cordero

**THE TABLE AT REDEYE INC.**

Dated: 8/2/2024 _____

*Peter Cecere*
BE90F76317EE4BC...

By: Peter Cecere

**PETER CECERE**

Dated: 8/2/2024 _____

*Peter Cecere*
BE90F76317EE4BC...

Peter Cecere

**OTIS BANKS**

Dated: 8/2/2024 _____

*Otis Banks*
AC7087DD99AE40C...

Otis Banks

**MARNI HALASA**

Dated: 8/2/2024 _____

*Marni Halasa*
4C58EE0E67BE47A...

Marni Halasa

# Exhibit "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

Joseph Cordero, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,

                          *Plaintiff*,

-against-

The Table at Redeye Inc., Peter Cecere, Otis Banks, and Marni Halasa,

                          *Defendants*.

------------------------------------------------------------------------X

Case No.: 24-cv-00144

**[PROPOSED] STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED, by and between Joseph Cordero ("Plaintiff") and Defendants The Table at Redeye Inc., Peter Cecere, Otis Banks, and Marni Halasa (collectively, the "Defendants") that the Negotiated Settlement Agreement and Release in this matter having been reviewed by the Court and found to be fair and reasonable, Plaintiff's claims in the above-captioned action shall be dismissed in their entirety, with prejudice, in accordance with the terms of the Negotiated Settlement Agreement and Release.

Dated:   New York, New York

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: _____
Jason Mizrahi
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel. No.:  (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Plaintiff*

PHILLIPS NIZER LLP

By: _Regina E. Faul_____
      B8F8053B10604CB...
Regina Elaine Faul
485 Lexington Avenue
New York, NY 10017
Tel. No.:  (212) 977-9700
Email:   rfaul@phillipsnizer.com

*Attorneys for Defendants*

SO ORDERED on this _____ day of _____, 2024.

_____